**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000081
18-OCT-2012
09:58 AM**

NO. CAAP-11-0000081

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ABEL SIMEONA LUI, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NOS. 3P810-73 and 3P810-74)


MEMORANDUM OPINION
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Defendant-Appellant Abel Simeona Lui (Lui) appeals from the January 26, 2011 "Notice of Entry of Judgment And/Or Order" of the District Court of the Third Circuit[1] (district court) convicting him of disorderly conduct in violation of Hawaii Revised Statutes (HRS) § 711-1101 (Supp. 2011) and harassment in violation of HRS § 711-1106 (Supp. 2011).

On appeal, Lui contends:

(1) the district court violated his right to counsel by forcing him to proceed to trial pro se without obtaining a waiver of his right to counsel;

(2) there was no substantial evidence to support Lui's conviction for disorderly conduct; and

---

[1] The Honorable Joseph P. Florendo, Jr. presided.

(3) there was no substantial evidence to support Lui's conviction for harassment where he did not possess the requisite state of mind and/or where he acted in defense of property.

I.

Lui was charged with disorderly conduct and harassment by complaint filed March 30, 2010 by Plaintiff-Appellee State of Hawaiʻi (State). On April 14, 2010, he appeared before the district court without counsel and was arraigned on the charges.

On May 12, 2010, Lui appeared before the district court without counsel indicating he desired to represent himself. The State indicated it was making Lui a plea offer. Lui rejected the plea offer and asked the district court to dismiss the case (which was not done).

On July 14, 2010, Lui appeared before the district court for trial without counsel, indicating he wanted to continue to represent himself. The State had its witnesses present and was ready to proceed. The district court engaged Lui in a colloquy of Lui's waiver of right to counsel. Lui said he would apply to the Office of the Public Defender (OPD). The trial date was continued to November 17, 2010.

On November 17, 2010, Lui appeared again before the district court for trial without counsel indicating he wished to represent himself.[2] The State had its witnesses present and was ready to proceed. But when asked whether he was waiving his right to counsel, Lui said no. He said he had found an attorney, Gary Zamber (Zamber), who he wanted to hire. The court continued the case to January 26, 2011 and informed Lui there would be no further continuances.

On January 26, 2011, Lui appeared and informed the district court he had hired Zamber, who could not appear with him because Zamber had a court appearance in Hilo. The district court called Zamber who said he would be willing to "assist" Lui but said Lui had not hired him. Zamber told the court that he

---

[2] There was no indication he applied to the OPD.

had not been informed by Lui that there was a "firm trial date" and that he could not appear because he was at another proceeding in Hilo. When told by the district court that his trial would then commence, Lui said fine.

## II.

The question then is did the district court abuse its discretion in not continuing Lui's trial date so he could be represented by Zamber.

The district court did not abuse its discretion in not continuing Lui's trial to yet another date. Neither Lui or Zamber requested a continuance. When the district court informed Lui "we're going to proceed to trial today," Lui responded "fine." In not continuing Lui's trial date a third time, the district court did not disregard a rule or principle of law or practice to substantial detriment of defendant. State v. Crisostomo, 94 Hawaiʻi 282, 287, 12 P.3d 873, 878 (2000).

Lui waived his right to counsel in this case by his continual inaction in failing to contact the OPD or secure private counsel despite repeated continuances and the district court's advisement that January 26, 2011 was firm trial date with no further continuances. See Peterson v. State, 196 Md. App. 563, 574, 10 A.3d 838, 845 (2010); State v. Johnson, 33 Wash. App 15, 22-23, 651 P.2d 247, 252 (1982); United States v. Merriweather, 376 F. Supp 944, 945 (1974).

## III.

To be convicted of disorderly conduct, Lui must have acted with the intent to cause physical inconvenience or alarm by a member of the public or recklessly created a risk thereof. HRS § 711-1101. In finding Lui guilty, the court specified the person engaged was the "member of the public" that had been inconvenienced or alarmed.

The commentary of HRS § 711-1101, distinguishes the offense of disorderly conduct, which involves conduct that threatens the public generally from offenses such as assault, which cause "private alarm." "Subsection (1)(a) is a standard

clause in disorderly conduct legislation, aimed at actual fights and at other behavior *tending to threaten the public generally, for this section requires public alarm, etc., as distinguished from the private alarm which may accompany assault.*" Commentary on HRS § 711-1101 (1993 Repl.) (emphasis added).

This distinction is also in the commentary to the harassment section in HRS § 711-1106, which states: "Harassment, a petty misdemeanor, is a form of disorderly conduct aimed at a single person, rather that at the public." Commentary on HRS § 711-1106 (1993 Repl.).

In State v. Moser, 107 Hawai'i 159, 111 P.3d 54 (App. 2005), this court held that there was insufficient evidence to support defendant's conviction for disorderly conduct because there was no evidence the defendant had "addressed anyone other than [the employee and the supervisor] on the occasion in question or intended to physically inconvenience or alarm any member of the public by speaking loudly." Moser, 107 Hawai'i at 175, 111 P.3d at 70. Our holding in Moser confirms that the member or members of the public for purposes of the disorderly conduct statute must be persons other than the person(s) who are the direct target of the defendant's conduct, as was the case here. Lui's conduct was directed at and threatened a single person, and no other.

Therefore, there was insufficient evidence to convict Lui of disorderly conduct.

IV.

There was, however, sufficient evidence to convict Lui of harassment, in that Lui with intent to harass, annoy, or alarm any other person, shoved or otherwised touched that person in an offensive manner. HRS § 711-1106(1)(a).

The standard of review on appeal for sufficiency of the evidence is substantial evidence. The Hawai'i Supreme Court has

> long held that evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies

whether the case was before a judge or a jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact. Indeed, even if it could be said in a bench trial that the conviction is against the weight of the evidence, as long as there is substantial evidence to support the requisite findings for conviction, the trial court will be affirmed.

> "Substantial evidence" as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. And as trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence.

State v. Batson, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992).

State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007). There was sufficient evidence that Lui intentionally harassed, annoyed and alarmed another person and touched that person in an offensive manner.

V.

Therefore, the January 26, 2011 "Notice of Entry of Judgment And/Or Order" of the District Court of the Third Circuit is vacated. Lui's conviction of disorderly conduct is reversed. His conviction of harassment is affirmed, and this case is remanded for resentencing on the harassment charge.

DATED: Honolulu, Hawai'i, October 18, 2012.

On the briefs:

Alen M. Kaneshiro
for Defendant-Appellant.

Linda L. Walton
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

5